# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| Ceasar | Civil Action No. 6:17-01066 |
| versus | Unassigned District Judge |
| Dillards Department Store | Magistrate Judge Carol B. Whitehurst |

## REPORT AND RECOMMENDATION

Before the Court on referral from the district judge is an unopposed[1] Motion To Dismiss for Insufficiency of Process filed by Defendant, Dillard Department Stores, Inc. ("Dillard") [Rec. Doc. 12] and Defendant's Supplemental Memorandum in support of its Motion To Dismiss [Rec. Doc 21]. For the reasons that follow, the Court will recommend that the Motion be granted.

## I. Background

In its motion, Dillard contends that Plaintiff, Regina Ceasar, improperly served Dillard's agent for service of process in Louisiana by serving an incomplete Summons in December, 2017. Specifically, Dillard states that the Summons which was served did not include a complaint, court information nor any information indicating the style or nature of this case. *R. 12*. Dillard also states that Plaintiff served the defective Summons on Dillards more than 90 days from the date Plaintiff's Complaint was filed. *Id.*

The record indicates that Plaintiff filed this case *pro se* on August 22, 2017, *R. 1*, and served Dillard's agent on December 4, 2017, 117 days after Plaintiff filed her Complaint, *R. 8.* Dillard filed the instant motion on March 15, 2018. *R. 12*. On

---

[1] Pursuant to LR 7.5, any opposition to Dillard's Motion to Dismiss was due by April 6, 2018.

March 16, 2018, the Court granted Plaintiff's motion to enroll counsel on her behalf. *R. 15*. Also on that date, the Court granted Plaintiff's motion for an extension. *R. 16*. Summons to Dillard was reissued and returned on March 29, 2018. *R. 19*. On May 1, 2018, Dillard filed a Supplemental Memorandum to its motion in order to address Plaintiff's second service of the Summons. *R. 21*. Dillard contends in its supplemental memorandum that the second service of process was defective because an incomplete Summons was once again served. Specifically, the Complaint was not included with service. Dillard also contends that the service remained untimely as it was more than 90 days after Plaintiff's Complaint was filed. *Id.* Plaintiff's counsel did not file any response to Dillard's supplemental memorandum.[2]

## II. Legal Standards

Rule 12(b)(4) permits a defendant to move to dismiss an action for defects in the form of the process. Such a motion "is proper only to challenge non compliance with the provisions of Rule 4(b)[of the Federal Rules of Civil Procedure] or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of the summons." 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 1353 (3d ed.) ("An objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service. Technically, therefore, a Rule 12(b)(4) motion is proper only to challenge noncompliance with the provisions of Rule 4(b) or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of the summons.)

---

[2] Pursuant to LR 7.5, any opposition to Dillard's Supplemental Memorandum was due by May 22, 2018.

> Federal Rule of Civil Procedure 4(b) provides in pertinent part:
>
> On or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal. If the summons is properly completed, the clerk must sign, seal and issue it to the plaintiff for service on the defendant. . . .

Fed. R. Civ. P. 4(b). Pursuant to Rule 4(a)(1), "[a] summons must: (A) name the court and the parties; (B) be directed to the defendant; (C) state the name and address of the plaintiff's attorney or—if unrepresented—of the plaintiff; (D) state the time within which the defendant must appear and defend; (E) notify the defendant that a failure to appear and defend will result in a default judgment against the defendant for the relief demanded in the complaint; (F) be signed by the clerk; and (G) bear the court's seal."

Rule 4(c) states that "[a] summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)."

Rule 4(h) provides that a corporation may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process."

Rule 4(m) requires a plaintiff to serve the summons and complaint on a defendant within 90 days of filing. Rule 4(m) states that if service is not made within 90 days, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.*

"'Good cause' under Rule 4(m) requires 'at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.'" *Gartin v. Par Pharm. Companies, Inc.*, 289 Fed. Appx. 688, 692 (5th Cir. 2008) (quoting *Lambert v. United States*, 44 F.3d 296, 299 (5th Cir. 1995)). Further, "courts normally require 'some reasonable basis for noncompliance within the time specified ... '" *Id*. "A litigant's pro se status neither excuses his failure to effect service nor excuses him for lack of knowledge of the Rules of Civil Procedure." *Thrasher v. City of Amarillo*, 709 F.3d 509, 512 (5th Cir. 2013).

### III. Analysis

Dillard filed the instant motion to dismiss under Rule 12(b)(4) for insufficient process against Plaintiff on March 15, 2018, arguing that an incomplete summons was served on Dillard on December 4, 2017, *R. 12*. The Declaration of Brian Hickman, the Representation Services Advisor to Dillard's registered agent for service, CT Corporation System, indicates that the document which was served by Plaintiff on December 4, 2017, contained only a summons and no other documents. *R. 12-1*. The record confirms that Dillard was served a summons which contained no information indicating the style of the case or originating court and lacked the Clerk of Court's signature and seal. There was no complaint served with the uncompleted summons. *Id, Exh. A*. Dillard further contends that Plaintiff's defective service of the uncompleted summons was served more than 90 days after Plaintiff filed this action. *R. 12*. The record establishes that Plaintiff filed this action on August 22, 2017, and the defective service occurred on December 4, 2017—104 days later. Plaintiff did not

move for and the Court did not allow any extension of the 90 day deadline for service. Plaintiff did, however, through counsel retained on March 5, 2018, move the Court for an extension of fourteen days "in order to file for default." *R. 11*.

On March 29, 2018, Plaintiff, through her counsel, served a second Summons upon Dillard through its registered agent for service, CT Corporation. *R. 18, 19*. On May 1, 2018, Dillard filed a Supplemental Memorandum in order to address the subsequent service. *R. 21*. In its Supplemental Memorandum, Dillard contends that the second service of process on Dillard through Plaintiff's counsel was also incomplete. *Id.* In an April 30, 2018 Declaration, Brian Hickman stated that the Document served on March 29, 2018 "only contained the Summons included as part of the Document" and "no other documents for Dillard's were served." *R. 21-1*. Exhibit A of the Declaration indicates that the only document served on Dillard's was the Summons—Plaintiff's complaint was not part of the service. *R. 21-1, Exh. A*.

Dillard also contends that both of the summons served were untimely under Rule 4(m). The record provides that Plaintiff first served Dillard when she was *pro se*. The December 4, 2017 service was 14 days after the 90–day deadline under Rule 4(m). Plaintiff did not ask the Court for any extension of time to file. On March 7, 2018, Plaintiff current counsel enrolled on Plaintiff's behalf. *R. 10*. On March 15, 2018, her counsel filed a motion for a 14–day extension to take a default against Dillard. *R. 11*. Thereafter, Plaintiff's second service on Dillard was made on March 29, 2018, 22 days after her current counsel filed the motion to enroll. *R. 18, 19*.

The Court finds that Plaintiff's service of Dillard violated Rules 4(a)(1), 4(c), 4(h) and 4(m) of the Federal Rules of Civil Procedure. The December 4, 2017

Summons failed to comply with all of these rules: (1) the Summons did not include the information required in Rule 4(a)(1); (2) a copy of the Complaint was not served with either Summons as required in Rules 4(c) and 4(h); and it was served 104 days after Plaintiff's Complaint was filed, in violation of Rule 4(m). While the March 29, 2018 Summons was correctly completed, and signed and sealed by the Clerk of Court, it violated Rules 4(c) and 4(h) in that it was not served with a copy of the Complaint. Finally, the March 29, 2018 Summons was issued 219 days after Plaintiff's Complaint was filed. Neither Plaintiff nor her attorney moved for any extension of the service deadline, moving instead for an extension to default Defendant.

Based on the history of the service of process in this case, including Plaintiff's failure to file any response to Dillard's motion or supplemental motion, the Court finds that Plaintiff has failed to provide any reason for her untimely and insufficient service of process made upon Dillard.

## IV. Conclusion

For the foregoing reasons, the Court recommends that Defendant Dillard Department Stores, Inc.'s Motion to Dismiss should be **GRANTED** and Plaintiff's complaint should be **DISMISSED WITHOUT PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

Thus done and signed this 31st day of May, 2018 at Lafayette, Louisiana.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE

7.